UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW TIGER,

    Plaintiff,

v.                                                                 Case No:   6:15-cv-1701-Orl-41TBS

DYNAMIC SPORTS NUTRITION, LLC
and PBB TRADEMARK HOLDINGS,
LLC,

    Defendants.

## ORDER

This case is before the court on Defendant Dynamic Sports Nutrition, LLC's ("Dynamic") Motion for Two-Phase Discovery and a Preliminary Pre-Trial Conference (Doc. 23). Plaintiff Matthew Tiger opposes the motion (Doc. 25). For the reasons that follow, the motion is due to be denied.

This lawsuit invokes the Court's jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) (Doc. 1, ¶ 15). Plaintiff alleges that Defendants manufacture dietary and nutritional supplements which they market and sell as powerful, legal steroids designed to add mass while at the same time, making the user leaner and stronger (Id., ¶¶ 20, 23-59). Plaintiff alleges that Defendants' claims and the manner in which they package, label, and advertise their products are deceptive, misleading, and false (Id., ¶¶ 21-59, 74-78). Count one of the complaint is a putative class action on behalf of Plaintiff and all other Floridians who have fallen victim to what Plaintiff asserts are Defendants' violations of the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.201 *et seq*. (Id., ¶¶ 1-80). Count Two is a putative class action for unjust

enrichment brought on behalf of all non-Floridians located in this country, who have been victims of Defendants' actions (Id., ¶¶ 1-70, 81-90). Dynamic has answered and Defendant PBB Trademark Holdings, LLC has filed a motion to dismiss for lack of jurisdiction and improper venue (Docs. 9-10). The parties' Case Management Report states:

> Two-Phase Discovery:
>
> Defendants request that discovery in this matter be conducted in two separate phases in order to promote the just, speedy, and inexpensive resolution of this matter. Defendants propose that the first phase of discovery be limited to matters related to class certification. Defendants propose that the discovery deadline for the initial phase of discovery fall on May 31, 2016. Defendants propose that all other permissible discovery occur during the second phase, which would commence on June 1, 2016 and conclude on the proposed discovery deadline listed on page 1 of this report—January 16, 2017.
>
> Plaintiff opposes Defendants' request for two-phase discovery and maintains that discovery regarding class certification will be indistinguishable from discovery regarding the merits of Plaintiff's claims and all other discoverable matters.
>
> Given the disagreement on whether two-phase discovery is necessary and appropriate in this case, Defendants will prepare and submit a motion under Rule 16(a) of the Federal Rules of Civil Procedure for a preliminary pre-trial conference.

(Doc. 22 at 8).

The issue is now before the Court. Dynamic notes that discovery can be expensive, and argues that two-phase discovery will best serve the interests of fairness and efficiency because class certification is typically a key and often conclusive step in class action litigation (Doc. 23 at 3-4). It suggests that permitting full discovery now would be wasteful when the case may succeed or fail on the basis of the Court's class

certification decision (Id., at 3-4).   Dynamic requests a preliminary pre-trial conference if the Court deems it necessary to decide the motion (Id., at 5).

Plaintiff maintains that Dynamic's true purpose in asking for phased discovery is to implement its own defense strategy (Doc. 25 at 3-4).[1]   Plaintiff argues that it will be almost impossible to differentiate between class and merits discovery, and that some merits discovery may be necessary to evaluate his suitability to serve as class representative (Id., at 3-4).   Plaintiff also suggests that two phase discovery may actually increase the parties' discovery costs if for example, they are required to take one set of depositions on the issue of class certification, and then re-depose the same witnesses on the merits (Id., at 4).

District courts have considerable discretion to supervise and control discovery. Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993); American Key Corp. v. Cole Nat'l Corp., 762 F.2d 1569, 1578 (11th Cir. 1985); Stewart v. Winter, 669 F.2d 328, 331 (5th Cri. 1982).   In the case of a putative class action, the court may exercise its discretion to limit discovery to the certification issue, while postponing merits discovery until after the decision on class certification.   Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1992).

The parties have not provided the Court with sufficient, meaningful information concerning the likely scope and cost of discovery.   So for example, the Court does not know number or locations of witnesses and stored information the parties anticipate. What the Court does know is that Plaintiff resides in Orange County Florida and Dynamic's principal place of business is in Houston Texas.   Consequently, if discovery is

---

[1] Plaintiff does not explain what this strategy is.

done in phases, Florida based counsel may be required to make at least two trips to Texas where one could suffice if all discovery is done at the same time. Without more information, the Court is not persuaded that any meaningful savings in money or time will result from phasing the discovery.

The parties have also not provided the Court with sufficient information to make an informed decision concerning how difficult it would be to establish a bright line between class certification and merits discovery. Case law suggests there may be merit to Plaintiff's position on this point. See Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 457 (11th Cir. 1996) ("evidence relevant to the commonality requirement is often intertwined with the merits") (quoting Nelson v. United States Steel Corp., 709 F.2d 675, 679 (11th Cir. 1983)); Lakeland Regional Medical Center, Inc. v. Astellas US, LLC, No. 8:10-cv-2008-T-33TGW, 2011 WL 486123 (M.D. Fla. Feb. 7, 2011) ("The Court is not persuaded that phased discovery will conserve the resources of the parties or the Court. This is because the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine.") (quoting LaBauve v. Olin Corp., 231 F.R.D. 632, 644 n. 21 (S.D. Ala. 2005)).

For these reasons, Dynamic's motion for a preliminary pre-trial conference and two-phase discovery is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 28, 2015.

*/s/ THOMAS B. SMITH*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record