UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW TIGER,

    Plaintiff,

v.                                              Case No:   6:15-cv-1701-Orl-41TBS

DYNAMIC SPORTS NUTRITION, LLC
and PBB TRADEMARK HOLDINGS,
LLC,

    Defendants.

## ORDER

Plaintiff's Unopposed Motion to Seal Defendants' Sales Records in Connection with Plaintiff's Motion for Class Certification (Doc. 39), is currently pending before the Court. The local rules provide:

> **RULE 1.09 FILING UNDER SEAL**
>
> (a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of nonparties without either the opportunity or ability to protect

>themselves. Every order sealing any item pursuant this section shall state the particular reason the seal is required.
>
>(b) If filing under seal is authorized by statute, rule, or order (including an order requiring or permitting a seal and obtained pursuant to (a) of this rule), a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal Pursuant to [Statute, Rule, or Order]" and which includes (i) a citation to the statute, rule, or order authorizing the seal; (ii) an identification and description of each item submitted for sealing; (iii) a statement of the proposed duration of the seal; and (iv) a statement establishing that the items submitted for sealing are within the identified statute, rule, or order the movant cites as authorizing the seal. The movant shall submit to the Clerk along with a motion under this section each item proposed for sealing. Every order sealing any item pursuant to this section shall state the particular reason the seal is required and shall identify the statute, rule, or order authorizing the seal.
>
>(c) Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal.
>
>(d) The Clerk shall return to the movant any matter for which sealing is denied

M.D. FLA. 1.09.

Plaintiff asks the Court to seal "sales records." "Sales records" is not an adequate description of the documents to be sealed. Plaintiff says the sales records should be sealed because Defendants assert that they are confidential, proprietary, and contain trade secrets. Defendants' assertion does make it so. Someone must provide a satisfactory reason why the documents should be sealed. The motion does not state the proposed duration of the seal. For these reasons, the motion is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on April 13, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record