UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW TIGER,

    Plaintiff,

v.                                     Case No:   6:15-cv-1701-Orl-41TBS

DYNAMIC SPORTS NUTRITION, LLC
and PBB TRADEMARK HOLDINGS,
LLC,

    Defendants.

## ORDER

Pending before the Court is the parties' Joint Motion to Seal Defendants' Sales Records in Connection with Plaintiff's Motion for Class Certification (Doc. 47).   For the reasons that follow, the motion is due to be granted.

### I. Standard

Middle District of Florida Rule 1.09 requires a party filing a motion to seal to (1) identify and describe each item proposed for sealing; (2) provide the reason why filing each item is necessary; (3) explain the reason why sealing each item is necessary; (4) state why a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the motion to seal; (5) suggest the proposed duration of the seal; and (6) provide a memorandum of law supporting the seal. M.D. FLA. R. 1.09.

In addition to Local Rule 1.09, the law provides that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark

Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'"  Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)).  "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents."  Chicago Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 (1978)).  "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"  Romero, 480 F.3d at 1246 (quoting Chicago Tribune Co., 263 F.3d at 1309.  In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.  Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010).  Nevertheless, the parties' agreement to seal court documents "is immaterial" to the public's right of access.  Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

## II. Discussion

The parties seek to file 251 pages of Defendant Dynamic Sports Nutrition, LLC's sales records under seal (Doc. 47). Plaintiff intends to rely on the documents in his motion for class certification, and he represents that the documents contain confidential business records that "disclose Defendant's sales volumes for each of the Products-in-suit, over a given period of time, in specific geographic regions of the country, including Florida, and refund history during the same time frame." (Id. at 2-3). Defendant represents that the sales data is confidential and that a competitor could use the data to Defendant's detriment by targeting its efforts in specific areas where Defendant has stronger sales (Id.).

The Court finds that at this stage of the litigation, Defendant's interests in the privacy of its financial records outweigh the public's right of access. The joint motion to file documents under seal (Doc. 47) is therefore **GRANTED**. The Clerk shall maintain the documents under seal until the earlier of: (1) an order unsealing the documents; (2) three years from the date of this Order; or (3) the conclusion of the case, including any appeals. Prior to the expiration of the seal, any party may file a motion to extend the seal of any or all of these documents. Plaintiff must file redacted copies of the documents on the public record within ten (10) days of filing the documents under seal.

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record